IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nancy Weaver, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  09 C 7588 |
| ) | |
| Regional Adjustment Bureau, Inc., a ) | |
| Tennessee corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Nancy Weaver, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Nancy Weaver ("Weaver"), is a citizen of the State of Alabama from whom Defendant attempted to collect a delinquent consumer debt owed on a Capital One credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Regional Adjustment Bureau, Inc. ("RAB"), is a Tennessee corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, RAB was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. RAB collects consumer debts nationwide, including debts from consumers in Illinois.

5. Defendant RAB is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, which is attached as Exhibit A.

6. Defendant RAB is licensed to act as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation, which is attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Ms. Weaver is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Capital One credit card. When Defendant RAB began trying to collect it from Ms. Weaver, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant RAB's collection actions.

8. On May 22, 2009, one of Ms. Weaver's attorneys at LASPD wrote to RAB, informing RAB that Ms. Weaver was represented by counsel, and directing it to cease contacting her, and to cease all further collection actions because Ms. Weaver was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on October 26, 2009, one of Defendant RAB's debt collectors, "Pat", called Ms. Weaver and left a message demanding that she immediately call the collector back at 1-866-214-8706, regarding payment of the Capital One credit card debt.

10. Accordingly, on October 26, 2009, Ms. Weaver's LASPD attorney had to send Defendant RAB another letter directing it to cease communications, and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. All of Defendant RAB's collection actions at issue complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Weaver's agent, LASPD, told Defendant RAB to cease communications and to cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant RAB violated § 1692c(c) of the FDCPA.

16. Defendant RAB's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant RAB knew that Ms. Weaver was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. Weaver (Exhibit C). By directly calling Ms. Weaver, despite being advised that she was represented by counsel, Defendant RAB violated § 1692c(a)(2) of the FDCPA.

20. Defendant RAB's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Nancy Weaver, prays that this Court:

1. Find that Defendant RAB's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Weaver, and against Defendant RAB, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nancy Weaver, demands trial by jury.

                                            Nancy Weaver,

                                            By: /s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated:  December 7, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com